# Exhibit 3

**EXHIBIT 3**

**DECLARATION OF CARMEL FARRELL
IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

Carmel Farrell, upon oath and affirmation, hereby deposes and says:

1. I make this declaration upon my personal knowledge of the facts, and I am competent to testify to the facts stated herein.

2. I am a 61 year-old mother and grandmother. I am resident of Plymouth, Massachusetts. I have never been arrested or threatened with arrest.

3. I oppose the practice of abortion because of my religious and moral beliefs that induced abortion is the deliberate destruction of innocent human life, and because my understanding of biology is that life begins at conception.

4. I am aware that, on or about November 13, 2007, the Commonwealth of Massachusetts amended Mass. Gen. L. chapter 266: Section 120E1/2(b) and that law now prohibits most persons from standing or entering a fixed buffer with a radius of 35-feet (hereafter, "zone") around the entrances, exits, and driveways of reproductive health care facilities that perform abortions unless the person is using the sidewalk or street right-of-way adjacent to the facility solely for the purpose of reaching a destination other than the facility.

5. The meaning of the term "solely for the purpose of reaching a destination other than the facility" is unclear to me. I do not know whether the Act prohibits me from walking through the zone to talk with a person on the opposite side, or prohibits me from walking through the zone to get to the coffee shop in the next block, or prohibits me from walking through the zone with my literature to locate myself in a stationary place on the opposite side. In each of

these instances my desire is to use the zone to reach a destination other than the facility but it is not my sole purpose. I do my best to steer clear of the zone because I do not want to be arrested.

6.  For the past four years I have prayed the Rosary, counseled men and women, and/or distributed pro-life and religious prayer cards to persons at Women's Health Service, 822 Boylston Street, Brookline. For the past six months I have been doing on Mondays, Tuesdays, and Wednesdays. Women's Health Service is located inside an office building.

7.  When at Women's Health Service I peacefully attempt to persuade men and women not to abort their babies by providing information to help them make an informed decision. I offer practical help and educational materials as well as referral information to those entering and exiting the front of the clinic. On numerous occasions women seeking abortion changed their minds as a result of the information and counseling I provided. My experience has taught me that counseling is most effective when offered in a normal conversational tone and in a friendly and gentle manner. My experience has been that it best to stand on the sidewalk next to the driveway so I can easily access vehicles coming into the driveway.

8.  On or after December 7, 2007, I saw that the sidewalk was marked with the words "35 feet" in four places at this distance measured from the edge of the two driveways. I also saw markings on Reservoir Road directly in front of the driveways.

9.  Persons seeking access to this clinic almost always enter one of two driveways located on Reservoir Road, park their car in the parking lot, and then enter the building. It is very rare for a person to walk directly from the public sidewalk, onto the driveway, and then into the building. Consequently, prior to the marking of the 35-foot buffer, I would stand a few feet from the driveway. If a car stopped and the window was lowered, I offered the occupants literature through the window. I would also speak with them orally when possible.

10. My intended audience is persons seeking abortions.

11. Sometimes I pray the Rosary by myself and at other times in with other Catholics.

12. Police are sometimes present when I am there.

13. I never yell at clinic clients although there were times I had to raise my voice in order to be heard by them, particularly if people were walking into the office building after parking their cars in the parking lot.

14. I have never blocked, impeded, or harassed any pedestrian, clinic client, or anyone else, nor have I ever engaged in any violence or breach of the peace.

15. On December 27, 2007 I called Lt. McDermott at the Brookline Police Department and pointedly asked him whether I would be subject to arrest if I engaged in pro-life activity inside the zone at Women's Health Service. Lt. McDermott responded by saying, "You have ample room where you are. I wouldn't push it if I were you." I understood Lt. McDermott's response as meaning I would be subject to arrest if I engaged in pro-life activity inside the zone.

16. The marked zone at this location bars me from standing or walking within 35 feet of the outer edge of the driveways and consequently makes it impossible for me to stand near driveways where I can proffer literature. The zone therefore prevents me from providing literature to persons entering or exiting the driveway. It also prevents me from speaking in a normal conversational tone to persons entering or exiting the driveway.

17. Subsequent to my conversation with Lt. McDermott I have avoided engaging in expressive activities inside the zone out of fear I will be arrested and incarcerated. I desire to orally communicate in a conversational tone, distribute literature, and pray the Rosary inside the zone but cannot do so without risking arrest and incarceration. I am not willing to take that risk.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 28th day of DECEMBER, 2007.

                                                                                  _____
                                                                                  Carmel Farrell