Exhibit 5

WESTLAW

Massachusetts House Journal, 10/25/2007

Massachusetts House Journal, October 25, 2007

Thursday, October 25, 2007
Massachusetts House of Representatives
2007 Regular Session

Met according to adjournment, at eleven o'clock A.M., with Mr. Petrolati of Ludlow in the Chair (having been appointed by the Speaker, under authority conferred by Rule 5, to perform the duties of the Chair).

Prayer was offered by the Reverend Robert F. Quinn, C.S.P., Chaplain of the House, as follows:

Eternal God, we pause for a moment of reflection, prayer and to focus our attention on You. We believe that Your assistance enables us to organize our agenda and priorities for the day in an orderly and wise manner. With Your guidance and direction we can understand even the most complex issues more clearly as we struggle to serve constituents and to define the meaning of the common good. In this age of diverse communities with a variety of cultures may we continue as a society to respect the dignity and the civil, human and religious rights and beliefs of all people from the youngest child to the most senior adult.

Grant Your blessings to the Speaker, the members and employees of this House and their families. Amen.

At the request of the Chair (Mr. Petrolati), the members, guests and employees joined with him in reciting the pledge of allegiance to the flag.

*Statement concerning Representative Kaufman of Lexington.*

A statement of Mr. Rushing of Boston concerning Mr. Kaufman of Lexington, was spread upon the records of the House, as follows:

MR. SPEAKER: I would like to call to the attention of the House the fact that one of our colleagues, Represenative Kaufman of Lexington, will not be present in the House Chamber for today's sitting due to official committee business. Any roll calls that he may miss today will be due entirely to the reason stated.

*Statement Concerning Representative Story of Amherst.*

A statement of Mr. Rushing of Boston concerning Ms. Story of Amherst, was spread upon the records of the House, as follows:

MR. SPEAKER: I would like to call to the attention of the House the fact that one of our colleagues, Representative Story of Amherst, will not be present in the House Chamber for

today's sitting due to a long standing family commitment in South Carolina. Any roll calls that she may miss today will be due entirely to the reason stated.

*Resolutions.*

The following resolutions (filed with the Clerk) were referred, under Rule 85, to the committee on Rules:

Resolutions (filed by Mrs. Harkins of Needham) honoring the fiftieth anniversary of the Needham Council on Aging;

Resolutions (filed by Messrs. Atsalis of Barnstable and Turner of Dennis) on the occasion of honoring Whitten Landscaping, Inc. as the Yarmouth Chamber of Commerce's 2007 Member of the Year;

Resolutions (filed by Messrs. Atsalis of Barnstable and Turner of Dennis) on the occasion of the Garden Club of Yarmouth receiving the Yarmouth Chamber of Commerce's 2007 Public Service Award;

Resolutions (filed by Mr. Eldridge of Acton) on the one hundred and seventy-fifth anniversary of the Acton Congregational Church in Acton;

Resolutions (filed by Mr. McMurtry of Dedham) congratulating Alessandra Cecala on receiving the Gold Award of the Girl Scouts of America;

Resolutions (filed by Mr. McMurtry of Dedham) congratulating Julie Folsom on receiving the Gold Award of the Girl Scouts of America;

Resolutions (filed by Mr. McMurtry of Dedham) congratulating Garima Giri on receiving the Gold Award of the Girl Scouts of America;

Resolutions (filed by Mr. McMurtry of Dedham) congratulating John Martino on receiving the Eagle Award of the Boy Scouts of America;

Resolutions (filed by Mr. McMurtry of Dedham) congratulating Elizabeth Watsky on receiving the Gold Award of the Girl Scouts of America; and

Resolutions (filed by Mr. McMurtry of Dedham) congratulating Rachel Watsky on receiving the Gold Award of the Girl Scouts of America;

Mr. Scaccia of Boston, for the committee on Rules, reported, in each instance, that the resolutions ought to be adopted. Under suspension of the rules, in each instance, on motion of Mr. O'Flaherty of Chelsea, the resolutions (reported by the committee on Bills in the Third Reading to be correctly drawn) were considered forthwith; and they were adopted.

*Petition.*

Ms. Campbell of Methuen presented a petition (accompanied by bill, House, No. 4325) of Linda Dean Campbell (with the approval of the mayor and city council) that the city of Methuen be authorized to lease a certain portion of the "Quinn Building", so-called, to the Municipal Employees Federal Credit Union; and the same was referred to the committee on Municipalities and Regional Government. Sent to the Senate for concurrence.

*Papers from the Senate.*

Bills

Relative to the disposition of easements for the construction and operation of utilities over conservation and recreation lands in the town of Blackstone (Senate, No. 45) (on a petition);

Relative to the Barnstable County Probate Court (Senate, No. 989, amended by striking out, in line 4, the words "a salary" and inserting in place thereof words "additional compensation") (on a petition);

Relative to District Court clerks (Senate, No. 1004) (on a petition); and

Establishing a sick leave bank for Peter Hebert, an employee of the Department of Mental Retardation (Senate, No. 2376) (on Senate, No. 543);

Severally passed to be engrossed by the Senate, were read; and they were referred, under Rule 33, to the committee on Ways and Means.

**A Bill relative to public safety (Senate, No. 1353, amended in section 1, in line 2, by striking out the word "Whereas" and inserting in place thereof the following: "the general court hereby finds that law enforcement officials have testified about practical problems related to the enforcement of section 120E1/2 of chapter 266 of the General Laws; that") (on a petition), <u>passed to be engrossed by the Senate, was read; and it was referred, under Rule 7A, to the committee on Steering, Policy and Scheduling.</u>**

Petitions were referred, in concurrence, under suspension of Joint Rule 12, as follows:

Petition (accompanied by bill, Senate, No. 2383) of Brian A. Joyce, Mark C. Montigny, Bruce E. Tarr, Bradley H. Jones, Jr. and other members of the General Court for legislation relative to the divestment of state assets from nations that sponsor terrorism; and

Petition (accompanied by bill, Senate, No. 2384) of Richard R. Tisei, Christopher G. Fallon and Paul J. Donato for legislation to establish a sick leave bank for Michelle Souther, an employee of the Registry of Motor Vehicles;

Severally to the committee on Public Service.

Petition (accompanied by bill, Senate, No. 2385) of Stephen M. Brewer for legislation to include

three additional members on the advisory commission on travel and tourism. To the committee on Tourism, Arts and Cultural Development.

*Reports of Committees.*

By Mr. Scaccia of Boston, for the committee on Rules and the committees on Rules of the two branches, acting concurrently, that Joint Rule 12 be suspended on the following petitions:

Petition (accompanied by bill) of David Paul Linsky and others that the Division of Capital Asset Management and Maintenance be authorized to lease to the town of Natick a portion of property of the National Guard Armory located in said town. To the committee on Bonding, Capital Expenditures and State Assets.

Petition (accompanied by bill) of Stephen P. LeDuc relative to the registration of veterinarians and technicians with the Board of Registration in Veterinary Medicine. To the committee on Consumer Protection and Professional Licensure.

Petition (accompanied by bill) of James E. Vallee for legislation to designate a certain ice rink in the town of Franklin as the Staff Sergeant Robert Pirelli Veterans Memorial Rink. To the committee on Environment, Natural Resources and Agriculture.

Petition (accompanied by bill) of Cleon H. Turner for legislation to provide public employee retirement benefits for certain veterans; and

Petition (accompanied by bill) of Kevin J. Murphy and others for legislation to regulate investments of public employee pension funds in certain companies conducting business in the countries of Iran, North Korea, Sudan and Syria;

Severally to the committee on Public Service.

Joint petition (accompanied by bill) of Frank I. Smizik and Pamela P. Resor for legislation to regulate the tax imposed on the sale of certain pesticides in the Commonwealth. To the committee on Revenue.

Petition (accompanied by bill) of Paul Kujawski for legislation to require commercial trucks, vans and sport utility vehicles to be equipped with portable fire extinguishers;

Petition (accompanied by bill) of Jennifer M. Callahan for legislation to increase the amount of awards for personal injuries or property damage due to defective public ways; and

Petition (accompanied by bill) of Jeffrey Davis Perry relative to the issuance of motor vehicle registration plates to veterans;

Severally to the committee on Transportation.

Under suspension of the rules, on motion of Mr. Welch of West Springfield, the reports were

considered forthwith. Joint Rule 12 then was suspended, in each instance. Severally sent to the Senate for concurrence.

*Emergency Measure.*

The engrossed Bill establishing a sick leave bank for Michael Antonucci, an employee of the Department of Correction (see House, No. 4224, amended), having been certified by the Clerk to be rightly and truly prepared for final passage, was considered, the question being on adopting the emergency preamble.

A separate vote was taken, as required by the provisions of Article XLVIII (as amended by Article LXVII) of the Amendments to the Constitution; and the preamble was adopted, by a vote of 8 to 0. Sent to the Senate for concurrence.

Subsequently, the Senate having concurred in adoption of the emergency preamble, the bill (which originated in the House) was passed to be enacted; and it was signed by the acting Speaker and sent to the Senate.

*Engrossed Bills.*

The engrossed Bill establishing a sick leave bank for Deborah Gosselin, an employee of the Department of Social Services (see House, No. 4272, amended) (which originated in the House), in respect to which the Senate had concurred in adoption of the emergency preamble, was passed to be enacted; and it was signed by the acting Speaker and sent to the Senate.

Engrossed bills

Relative to certain members of the Cambridge retirement system (see House, No. 4024); and

Authorizing the city of Cambridge to pay full salary and benefits to city employees who are assigned to and present in a theater of combat operations such as Iraq or Afghanistan (see House, No. 4079);

(Which severally originated in the House);

Severally having been certified by the Clerk to be rightly and truly prepared for final passage, were passed to be enacted; and they were signed by the acting Speaker and sent to the Senate.

*Recess.*

At eighteen minutes after eleven o'clock A.M., on motion of Mr. Donato of Medford (Mr. Petrolati of Ludlow being in the Chair), the House recessed until a quarter after twelve o'clock noon; and at twenty-three minutes before one o'clock the House was called to order with Mr. Petrolati in the Chair.

*Orders of the Day.*

The engrossed Bill establishing commercial fishing sectors (see House, No. 4318), being section 33 contained in the engrossed Bill making appropriations for the fiscal year 2008 to provide for supplementing certain existing appropriations and for certain other activities and projects (see House, No. 4282), which had been returned by His Excellency the Governor pursuant to Article LVI of the Amendments to the Constitution with recommendation of amendment specified by him (for message, see House, No. 4317), was considered.

The committee on Bills in the Third Reading reported recommending that the amendment recommended by the Governor be considered in the following form:

By striking out all after the enacting clause and inserting in place thereof the following:

"Item 2300-0100 of section 2 of chapter 139 of the acts of 2006 is hereby amended by inserting after words 'in fiscal years 2006 and 2007' the following words,-- ; provided, further, that not less than $500,000 shall be expended for the purpose of establishing commercial fishing sectors."

The report was accepted.

The amendment recommended by the Governor then were adopted. Sent to the Senate for its action.

House bills

Relative to multiple office holding in the town of Burlington (House, No. 3946);

Authorizing the Division of Capital Asset Management and Maintenance to convey a certain parcel of land in the city of Worcester (House, No. 4189);

Relative to an easement on a certain parcel of land in the town of Marlborough (House, No. 4190) (its title having been changed by the committee on Bills in the Third Reading);;

Exempting the positions of police chief and fire chief in the town of North Andover from the civil service law (House, No. 4212);

Relative to a sick leave bank for Rhea Lindstet, an employee of the Department of Revenue (House, No. 4286) (its title having been changed by the committee on Bills in the Third Reading); and

Establishing a sick leave bank for Lynda Graham-Meho, an employee of the Department of Public Health (House, No. 4304) (its title having been changed by the committee on Bills in the Third Reading);

Severally reported by said committee to be correctly drawn, were read a third time; and they

were passed to be engrossed. Severally sent to the Senate for concurrence.

Senate bills

Requiring adequate discharge planning for nursing home residents (Senate, No. 410); and

Further regulating certain appliances (Senate, No. 1964); and

House bills

Relative to eligibility for cooperative housing corporations (House, No. 1224);

Relative to property tax classification in cities and towns (House, No. 3119, changed);

Making technical corrections to Chapter one hundred ninety-six of the Acts of two thousand and six concerning certain civil service positions in the city of Worcester (House, No. 3981);

Amending the charter of the town of Chelmsford (House, No. 4007);

Providing for recall elections in the town of Colrain (House, No. 4013);

Authorizing the town of Cohasset water department to provide water services to other cities, towns, and water companies (House, No. 4014);

Authorizing the town of Provincetown to grant a certain easement (House, No. 4015);

Relative to the issuance of certain bonds by the town of Wellfleet (House, No. 4036);

Relative to the affordable housing trust fund in the town of Provincetown (House, No. 4037);

Relative to a certain reserve fund in the town of Oak Bluffs (House, No. 4041);

Relative to the membership of the board of public works in the town of Whitman (House, No. 4044);

Relative to the board of public works in the town of Whitman (House, No. 4045);

To amend Chapter 434 of the Acts of 1975 regarding roads on Nantucket Island (House, No. 4056);

Relative to the Community Development Authority in the city of Marlborough (House, No. 4132);

To authorize the town of Tewksbury to lease land originally conveyed for cemetery and recreation purposes (House, No. 4135);

Relative to the town manager in the town of North Andover (House, No. 4138);

Relative to the town of Tisbury (House, No. 4194);

Relative to temporary loans and assessment of betterments by the town of Hingham (House, No. 4236);

Relative to the Grafton and South Grafton water districts (House, No. 4241);

Authorizing the town of Harwich to acquire certain cemetery property (House, No. 4255);

Relative to the land acquisition and maintenance fund of the town of Eastham (House, No. 4256);

Authorizing the town of Harwich to acquire certain real property (House, No. 4257);

Relative to the South Essex Sewerage District (House, No. 4258);

Relative to referendum provisions in the town of Lexington (House, No. 4260);

Relative to notices of town meetings in the town of Lexington (House, No. 4261);

Relative to the determination of condominium common area interest (House, No. 4268);

Authorizing the city of Salem to issue additional liquor licenses for the sale of alcoholic beverages (House, No. 4274);

Authorizing the city of Salem to issue additional licenses for the sale of alcoholic beverages (House, No. 4275); and

Authorizing the town of Foxborough to grant three additional licenses for the sale of all alcoholic beverages to be drunk on the premises (House, No. 4300);

Severally were read a second time; and they were ordered to a third reading.

The House report of the committee on Veterans and Federal Affairs, ought NOT to pass, on the petition (accompanied by bill, House, No. 3705) of William Lantigua for legislation to provide for a bonus for veterans of Operation Enduring Freedom, was accepted.

*Engrossed Bills -- Land Takings.*

The engrossed Bill authorizing the conveyances of certain easements in the towns of Lynnfield, Saugus and Wakefield to the Tennessee Gas Pipeline Company (see Senate, No. 2211, amended) (which originated in the Senate), having been certified by the Clerk to be rightly and truly prepared for final passage, was put upon its final passage.

On the question on passing the bill to be enacted, the sense of the House was taken by yeas and nays (this being a bill providing for the taking of land or other easements used for conservation purposes, etc., as defined by Article XCVII of the Amendments to the Constitution); and on the roll call 149 members voted in the affirmative and 0 in the negative.

Therefore the bill was passed to be enacted; and it was signed by the acting Speaker and sent to the Senate.

The engrossed Bill authorizing the town of Weymouth to make conveyance and sale of certain water supply land (see House, No. 1975) (which originated in the House), having been certified by the Clerk to be rightly and truly prepared for final passage, was put upon its final passage.

On the question on passing the bill to be enacted, the sense of the House was taken by yeas and nays (this being a bill providing for the taking of land or other easements used for conservation purposes, etc., as defined by Article XCVII of the Amendments to the Constitution); and on the roll call 148 members voted in the affirmative and 0 in the negative.

Therefore the bill was passed to be enacted; and it was signed by the acting Speaker and sent to the Senate.

*Orders of the Day.*

The report of the committee of conference on the disagreeing votes of the two branches with reference to the Senate amendments of the House Bill relative to the licensing requirements for certain tidelands (House, No. 4184, amended), recommending a bill with the same title (House, No. 4324), was considered.

After debate on the question on acceptance of the report, the sense of the House was taken by yeas and nays, at the request of Mr. Smizik of Brookline; and on the roll call 148 members voted in the affirmative and 3 in the negatived.

Therefore the report of the committee of conference was accepted. The report then was sent to the Senate for concurrence.

The Senate Bill relative to establishing the Commonwealth Corps (Senate, No. 2301, amended) was read a second time.

The amendment previously recommended by the committee on Ways and Means,- - that the bill be amended by striking out all after the enacting clause and inserting in place thereof the text contained in House document numbered 4322,- - was adopted.

The bill (Senate, No. 2301, amended) then was ordered to a third reading.

Subsequently under suspension of the rules, on motion of Mr. Cabral of New Bedford, the bill (having been reported by the committee on Bills in the Third Reading to be correctly drawn) was read a third time.

Pending the question on passing the bill to be engrossed, Mr. Peterson of Grafton asked for a count of the House to ascertain if a quorum was present. The Chair (Mr. Petrolati of Ludlow), having determined that a quorum was not in attendance, then directed the Sergeant-at-Arms to secure the presence of a quorum.

Subsequently a roll call was taken for the purpose of ascertaining the presence of a quorum; and on the roll call 149 members were recorded as being in attendance.

Therefore a quorum was present.

Mr. Cabral of New Bedford then moved to amend the bill in section 10, in paragraph (b), after the word "following:" by inserting the words "(i) coordinating with other private and public entities including the agency, the Massachusetts department of education, and the Massachusetts board of higher education to promote the development and advancement of service learning opportunities for students in the commonwealth"; and, at the end of said paragraph (b), after the word "professionals" by inserting the words "(vii) disseminating information identifying best practices related to service learning programs and policies to educational institutions in the commonwealth;". After remarks the amendments were adopted.

The same member then moved to amend the bill in section 6, in paragraph (a), by striking out the word "Said" and inserting in place thereof the following: "Unless the governor has applied for and received approval pursuant to 42 U.S.C. 12638 to utilize an alternative administrative agency, said"; and the amendment was adopted.

Mr. Jones of North Reading and other members of the House then moved to amend the bill by adding at the end thereof the following section:

"SECTION 12. Chapter 29 of the General Laws, as appearing in the 2006 Official Edition, is hereby amended by adding after section 31E the following section:--

Section 31F. Notwithstanding any special or general law to the contrary, no state employee, during working hours, may participate in the State Employees Responding as Volunteers program, or any program of a similar intent, and receive their regular salary from the Commonwealth for such hours of voluntary service.

This section shall not apply to those employees performing voluntary service under section 31E of this chapter.".

After debate on the question on adoption of the amendment, the sense of the House was taken by yeas and nays, at the request of Mr. Humason of Westfield; and on the roll call 38 members voted in the affirmative and 110 in the negative.

Therefore the amendment was rejected.

On the question on passing the bill, as amended, to be engrossed, in concurrence, the sense of the

House was taken by yeas and nays, at the request of Mr. Cabral of New Bedford; and on the roll call (Ms. Kaprielian of Watertown being in the Chair) 123 members voted in the affirmative and 26 in the negative.

Therefore the bill (Senate, No. 2301, amended) was passed to be engrossed, in concurrence. Sent to the Senate for concurrence in the amendment [see House, No. 4322, printed as amended] adopted by the House.

*Order.*

On motion of Mr. DiMasi of Boston,--

*Ordered,* That when the House adjourns today, it adjourn to meet <ctrrule>

Accordingly, without further consideration of the remaining matters in the Orders of the Day, at twenty-two minutes before four o'clock P.M., on motion of Mr. Peterson of Grafton (Ms. Kaprielian of Watertown being in the Chair), the House adjourned, to meet on Monday next at twelve o'clock noon, in an Informal Session.
MA H.R. Jour., 10/25/2007

END OF DOCUMENT

MA H.R. Jour., 10/25/2007 ()