UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ELEANOR McCULLEN, JEAN BLACKBURN   *
ZARRELLA, GREGORY A. SMITH, CARMEL  *
FARRELL, and ERIC CADIN,            *
                                    *
          Plaintiffs,               *
                                    *
     v.                             *        Civil Action No. 08-10066-JLT
                                    *
MARTHA COAKLEY, in her capacity as  *
Attorney General for the Commonwealth of *
Massachusetts,                      *
                                    *
          Defendant.                *

MEMORANDUM

December 29, 2010

TAURO, J.

I.     Introduction

       This case concerns a recently revised Massachusetts statute, Massachusetts General Laws

Chapter 266, § 120E1/2 ("Act"), which establishes a thirty-five-foot fixed buffer zone around

driveways and entrances of reproductive health care facilities ("RHCFs"). Presently at issue are

Plaintiffs' Motion to Permit Arguments as to Facial Invalidity [#95], Defendant's Motion for

Judgment on the Pleadings on the As-Applied Claims in Counts Two Through Eight [#99], and

Plaintiffs' Motion for Leave to File Amended Complaint [#94].

       Plaintiffs' Motion to Permit Arguments as to Facial Invalidity is DENIED; Defendant's

Motion for Judgment on the Pleadings is ALLOWED; and Plaintiffs' Motion for Leave to File

Amended Complaint is ALLOWED IN PART and DENIED IN PART.

1

II.    Background[1]

A.    The Parties

Plaintiffs Eleanor McCullen, Jean Blackburn Zarrella, Gregory A. Smith, Carmel Farrell, and Eric Cadin are Massachusetts residents who regularly engage in pro-life counseling outside RHCFs.  Defendant Attorney General Martha Coakley is the chief lawyer and law enforcement officer of the Commonwealth of Massachusetts.  As such, Defendant bears responsibility for enforcing the Act.  She is sued in her official capacity only.[2]

B.    Procedural History

On January 16, 2008, Plaintiffs filed the Complaint, which advanced eight counts under 42 U.S.C. § 1983: (1) Free Speech—Time, Place, and Manner; (2) Free Speech—Substantial Overbreadth; (3) Free Speech—Prior Restraint; (4) "Free Speech – Free Association – Free Exercise Hybrid"; (5) Free Speech—Viewpoint Discrimination; (6) Due Process—Vagueness; (7) Due Process—Liberty Interest; and (8) Equal Protection.[3]

After a Status Conference held on April 23, 2008, and without objection from the Parties, this court ordered that the matter proceed on the merits in two stages: (1) a Bench Trial on Plaintiffs' facial challenge; and (2) a Bench Trial on Plaintiffs' as-applied challenge.[4]

_____

[1] This court assumes familiarity with its previous decision in this case, McCullen v. Coakley ("McCullen I"), 573 F. Supp. 2d 382 (D. Mass. 2008), but nonetheless presents a condensed background.

[2] See Compl., 3 [#1].

[3] Compl., 13–22 [#1].

[4] Order [#34].

On May 28, 2008, this court held the first Bench Trial, on Plaintiffs' facial challenge.[5]  In an August 22, 2008 decision, this court held that the Act survived all three facial challenge standards.[6]  The Court of Appeals for the First Circuit held a de novo review and affirmed this court's decision,[7] and the Supreme Court denied Plaintiffs' petition for certiorari at this stage of the case.[8]

On September 17, 2010, Plaintiffs filed a <u>Motion for Leave to File Amended Complaint</u> [#94] and a <u>Motion to Permit Arguments as to Facial Invalidity</u> [#95].  On October 7, 2010, Defendant filed a <u>Motion for Judgment on the Pleadings on the As-Applied Claims in Counts Two Through Eight</u> [#99].  On December 2, 2010, this court heard oral arguments on all three <u>Motions</u> and took them under advisement.

III.    <u>Discussion</u>

A.    <u>Plaintiffs' Motion to Permit Arguments as to Facial Invalidity</u>

Despite this court's prior decision dismissing Plaintiffs' facial challenges, and the First Circuit's affirmation of this court's decision, Plaintiffs seek to "continue arguing for facial invalidation."[9]

1.    <u>Legal Standard</u>

---

[5] <u>McCullen I</u>, 573 F. Supp. 2d at 386.

[6] <u>Id.</u> at 425.  This court held that the Act was constitutional under the First Amendment, the Equal Protection Clause, and the Due Process Clause.  <u>Id.</u>

[7] <u>McCullen v. Coakley ("McCullen II")</u>, 571 F.3d 167 (1st Cir. 2009).

[8] <u>McCullen v. Coakley ("McCullen III")</u>, 130 S. Ct. 1881 (2010).

[9] Mot. Permit Args. Facial Invalidity, 2 [#95].

The "law of the case" doctrine generally requires that "a decision of an appellate tribunal on a particular issue . . . governs the issue during all subsequent stages of the litigation . . . and thereafter on any further appeal."[10]  The law of the case doctrine has two components: first, the "mandate rule," which "forbids, among other things, a lower court from relitigating issues that were decided by a higher court, whether explicitly or by reasonable implication, at an earlier stage in the case"; and second, the general rule that "unless corrected by an appellate tribunal, a legal decision made at one stage of a civil or criminal case constitutes the law of the case throughout the pendency of the litigation."[11]  The law of the case doctrine applies to an appellate court's ruling both if the case is on appeal of a final judgment or if the appeal is interlocutory.[12]

Only three, very narrow exceptions to the law of the case doctrine exist.  For a court to revisit an issue,

> the proponent of reopening an already decided matter must accomplish one of three things: [1] "show that controlling legal authority has changed dramatically; [2] proffer significant new evidence, not earlier obtainable in the exercise of due diligence; or [3] convince the court that a blatant error in the prior decision will, if uncorrected, result in a serious injustice."[13]

---

[10] United States v. Rivera-Martinez, 931 F.2d 148, 150 (1st Cir. 1991) (citing Arizona v. California, 460 U.S. 605, 618 (1983)).

[11] Municipality of San Juan v. Rullan, 318 F.3d 26, 29 (1st Cir. 2003) (quoting Ellis v. United States, 313 F.3d 636, 646 (1st Cir. 2002)); see also Rivera-Martinez, 931 F.2d at 150 ("[T]he decision of the appellate court establishes the law of the case and it must be followed by the trial court . . . ." (quoting 1B J. Moore, J. Lucas & T. Currier, Moore's Federal Practice para. 0.404[1] (2d ed. 1991))).

[12] Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 72 F.3d 190, 197–98 (1st Cir. 1995) (citing Elias v. Ford Motor Co., 734 F.2d 463 (1st Cir. 1984)).

[13] United States v. Vigneau, 337 F.3d 62, 68 (1st Cir. 2003) (quoting United States v. Bell, 988 F.2d 247, 251 (1st Cir. 1993); citing Rivera-Martinez, 931 F.2d at 151).

2.    Analysis

Here, Plaintiffs contend that the law of the case doctrine does not apply for two reasons. First, Plaintiffs contend that the first exception to the law of the case doctrine applies because controlling legal authority has changed dramatically.  Second, Plaintiffs contend that the second exception, the existence of significant new evidence, also applies.

a.    First Exception: Change in Controlling Legal Authority

To support their first argument, that controlling legal authority has changed dramatically, Plaintiffs cite two recent Supreme Court cases: Citizens United v. Federal Election Commission[14] and United States v. Stevens.[15]

i.    Citizens United v. Federal Election Commission

In Citizens United, the Supreme Court struck down a federal campaign statute that banned independent expenditures by corporations.[16]  The Supreme Court explained that, pursuant to the First Amendment, corporations may not be barred from engaging in political speech simply because they are not natural persons.[17]  Plaintiffs cite Citizens United for the proposition that "legislative [speaker] distinctions are not permitted by the First Amendment."[18]  That is, according to Plaintiffs, the Supreme Court's decision in Citizens United is "directly contrary to the standards

---

[14] 130 S. Ct. 876 (2010).

[15] 130 S. Ct. 1577 (2010).

[16] Citizens United, 130 S. Ct. at 886.

[17] Id. at 900 (citing First Nat'l Bank of Bos. v. Bellotti, 435 U.S. 765, 776, 780 n.16 (1978)).

[18] Mot. Permit Args. Facial Invalidity, 2 [#95] (citing Citizens United, 130 S. Ct. at 898); see Mot. Permit Args. Facial Invalidity, 9–12 [#95].

applied by the First Circuit [in McCullen II] in permitting speaker distinctions so long as [the court] can 'glean legitimate reasons'" for the existence of the speaker distinction.[19]  Plaintiffs argue that Citizens United is relevant here because the Act "specifically exempts 'employees or agents of [abortion clinics] acting within the scope of their employment,'" thereby creating a speaker distinction.[20]

Plaintiffs' argument with regard to Citizens United is unpersuasive.  Indeed, this court holds that Citizens United is simply not relevant here.  Plaintiffs' construal of the holding in Citizens United is misleading.[21]  Plaintiffs are correct that the Supreme Court reiterated the general prohibition on speaker distinctions in Citizens United.  But that case concerned an absolute ban on speech rather than a time, place, or manner restriction.[22]  This court has previously explained, and the First Circuit has affirmed, that the Act creates a time, place, or manner restriction and is thus not an absolute ban on speech.[23]  Further, as the First Circuit explained in this case, the Supreme Court "has left no doubt but that time-place-manner restrictions should not be analyzed in the same way as direct bans on speech."[24]

---

[19] Mot. Permit Args. Facial Invalidity, 2–3 [#95] (quoting McCullen II, 571 F.3d at 177).

[20] Id. (quoting McCullen I, 571 F. Supp. 2d at 399).

[21] See Mot. Permit Args. Facial Invalidity, 2, 9–12 [#95].

[22] See Citizens United, 130 S. Ct. at 898 (explaining that the law at issue is "a ban on speech" and that "restrictions distinguishing among different speakers, allowing speech by some but not others" are prohibited).

[23] McCullen II, 571 F.3d at 181 ("[T]his case involves a time, place, and manner restriction."); McCullen I, 571 F. Supp. 2d at 408 ("On its face, the 2007 Act is a content-neutral time, place and manner restriction . . . .").

[24] McCullen II, 571 F.3d at 181 (citing Hill v. Colorado, 530 U.S. 703, 731 (2000)).

Moreover, the principle that the legislature may not bar some speakers from speaking while allowing others to speak is not a new principle.[25]  The principle certainly is not inconsistent with prior First Circuit law.  Indeed, Plaintiffs argue that "prior First Circuit law had permitted speaker distinctions when supported by a legitimate reason"[26] but that <u>Citizens United</u> renders such prior First Circuit case law outdated.[27]  Specifically, Plaintiffs challenge Defendant's reliance on <u>McGuire v. Reilly (McGuire I)</u>,[28] a 2001 First Circuit case that Plaintiffs contend has been abrogated by <u>Citizens United</u>.[29]

Plaintiffs' position is unconvincing.  <u>McGuire I</u> is still good law.  In <u>McGuire I</u>, the First Circuit relied on the test for content-neutrality that was first established in <u>Ward v. Rock Against Racism</u>.[30]  In <u>Christian Legal Society Chapter of the University of California, Hastings College of Law v. Martinez</u>,[31] a decision dated five months <u>after</u> <u>Citizens United</u>, the Supreme Court confirmed the survival of the <u>Ward</u> test.[32]  The Supreme Court, quoting <u>Ward</u>, explained that "'a regulation that serves purposes unrelated to the content of expression is deemed neutral, even if it

---

[25] <u>See, e.g.</u>, <u>Bellotti</u>, 435 U.S. at 784–85 (citing <u>Police Dep't v. Mosley</u>, 408 U.S. 92, 96 (1972)).

[26] Reply Br. Supp. Mot. Permit Args. Facial Invalidity, 2 [#102] (citing <u>McGuire v. Reilly (McGuire I)</u>, 260 F.3d 36, 45–47 (1st Cir. 2001)).

[27] <u>Id.</u> at 2–3.

[28] 260 F.3d 36 (1st Cir. 2001).

[29] Reply Br. Supp. Mot. Permit Args. Facial Invalidity, 2–3 [#102].

[30] 491 U.S. 781, 791 (1989); <u>see</u> <u>McGuire I</u>, 260 F.3d at 43.

[31] 130 S. Ct. 2971 (2010).

[32]

has an incidental effect on some speakers or messages but not others.'"[33]

Citizens United thus is not controlling legal authority in this case and does not operate to exempt Plaintiffs from the law of the case doctrine.[34]

ii.    United States v. Stevens

Plaintiffs next argue that the Supreme Court's decision in United States v. Stevens constitutes a change in controlling legal authority such that the law of the case doctrine does not apply. Stevens struck down a federal statute that prohibited the creation, sale, or possession of portrayals of animal cruelty, holding that the statute was substantially overbroad and thus facially unconstitutional.[35]

Plaintiffs cite Stevens for the proposition that "a strained interpretation of a law offered by the enforcement authorities cannot save an invalid law, and that the offering of such an interpretation in fact suggests the statute is unconstitutional as written."[36] Plaintiffs argue that Defendant has offered just such a strained interpretation of the Act.[37] Specifically, Plaintiffs contrast, on the one hand, the fact that the Act entirely exempts from the statute anyone sent by an abortion clinic into the buffer zone with, on the other hand, the contents of a guidance letter

---

[33] Id. at 2994 (quoting Ward, 491 U.S. at 791; citing Madsen v. Women's Health Center, Inc., 512 U.S. 753, 763 (1994)).

[34] See Vigneau, 337 F.3d at 68 (quoting Bell, 988 F.2d at 251; citing Rivera-Martinez, 931 F.2d at 151).

[35] Stevens, 130 S. Ct. at 1582, 1592.

[36] Mot. Permit Args. Facial Invalidity, 3 [#95] (citing Stevens, 130 S. Ct. at 1591).

[37] Mot. Permit Args. Facial Invalidity, 14 [#95].

that Defendant sent to law enforcement personnel.[38]  Defendant's letter read, in pertinent part:

"[T]he third exemption [of the Act] . . . does not allow municipal agents to express their views about abortion or to engage in any other partisan speech within the buffer zone."[39]  According to Plaintiffs,

> the Attorney General has adopted—and instructed law enforcement officers to apply—a "construction" of the Act that is wholly unrelated to its actual text. . . .  The Attorney General's attempt to "interpret" this language to say that, in fact, speakers from abortion clinics are criminally prohibited from discussing abortion in the zone has no basis in the statute.[40]

Plaintiffs' attempt to apply <u>Stevens</u> to this case is itself strained.  In <u>Stevens</u>, the government tried unsuccessfully "to salvage an otherwise unconstitutional law with an official's interpretation."[41]  Here, in contrast, the Act has already been held to be facially valid.  This court already rejected Plaintiffs' substantive argument regarding the Act's employee exemption.[42]  The First Circuit, in affirming this court's decision, was clear: "[A] state official's interpretation of a statute, even if generally authoritative, cannot render an otherwise constitutional statute vulnerable to a facial challenge."[43]  Because this court and the First Circuit have already held the

---

[38] Mot. Permit Args. Facial Invalidity, 14 [#95].

[39] <u>McCullen I</u>, 573 F. Supp. 2d at 400 (quoting Ex. 26 Trial R. Pls.' Facial Challenge, 2 [#63]).

[40] Mot. Permit Args. Facial Invalidity, 14 [#95].

[41] Mot. Permit Args. Facial Invalidity, 13 [#95].

[42] <u>McCullen I</u>, 573 F. Supp. 2d at 407–08 ("On its face, the statute does not permit advocacy of any kind in the zone.").

[43] <u>McCullen II</u>, 571 F.3d at 178 (citing <u>McGuire v. Reilly (McGuire II)</u>, 386 F.3d 45, 58 (1st Cir. 2004)).

Act facially constitutional, Defendant's interpretation of the Act is irrelevant.[44]

Because Stevens is not relevant, it is unnecessary to reach the question of whether Stevens "changed dramatically" "controlling legal authority."[45]  Nevertheless, this court observes that the Supreme Court in Stevens applied the same test for overbreadth that this court and the First Circuit did in McCullen I and McCullen II.[46]  This uniformity weakens considerably Plaintiffs' contention that Stevens constitutes dramatically changed controlling legal authority.

For the foregoing reasons, Plaintiffs have not met their burden of showing that "controlling legal authority has changed dramatically," and thus they have failed to show that they meet the first exception to the law of the case doctrine.[47]

> b.    Second Exception: Significant New Evidence

Plaintiffs next argue that they can "proffer significant new evidence, not earlier obtainable in the exercise of due diligence"[48] such that the second exception to the law of the case doctrine

---

[44] See id.

[45] Vigneau, 337 F.3d at 68 (quoting Bell, 988 F.2d at 251; citing Rivera-Martinez, 931 F.2d at 151).

[46] See Stevens, 130 S. Ct. at 1587 ("[A] law may be invalidated as overbroad if 'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" (quoting Wash. State Grange v. Wash. State Republican Party, 552 U.S. 442, 449 n.6 (2008))); McCullen II, 571 F.3d at 182 ("[A] court may overturn a law as overbroad only if 'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" (quoting Wash. State Grange, 552 U.S. at 449 n.6)); McCullen I, 573 F. Supp. 2d at 401, 417 (citing Wash. State Grange, 552 U.S. at 449 n.6).

[47] See Vigneau, 337 F.3d at 68 (quoting Bell, 988 F.2d at 251; citing Rivera-Martinez, 931 F.2d at 151).

[48] Id.

applies.[49]  Plaintiffs argue that the prior opinions of this court and the First Circuit were based on

a limited record, a record that "was largely based on un-cross-examined affidavits, and was

compiled without the benefit of live testimony or a discovery period."[50]  Plaintiffs seek leave to

"argue that the evidence developed during discovery requires reconsideration of facial validity."[51]

Plaintiffs' argument with regard to the second exception to the law of the case doctrine

also fails, for at least two reasons.  First, Plaintiffs have not actually proffered any new evidence,

let alone "significant new evidence."[52]  Second, Plaintiffs have not shown, as they must under the

second exception to the law of the case doctrine, that any new evidence was "not earlier

obtainable in the exercise of due diligence."[53]

Moreover, Plaintiffs did not object in April 2008 to this court's decision to bifurcate the

case into two trials.  Plaintiffs may not have two bites at the apple.[54]

As any one of these reasons is sufficient to defeat Plaintiffs' second argument, Plaintiffs

cannot overcome the law of the case doctrine by relying on the doctrine's second exception.

---

[49] See Mot. Permit Args. Facial Invalidity, 3–4, 16–17 [#95].

[50] Mot. Permit Args. Facial Invalidity, 17 [#95].

[51] Mot. Permit Args. Facial Invalidity, 17 [#95].

[52] Vigneau, 337 F.3d at 68 (quoting Bell, 988 F.2d at 251; citing Rivera-Martinez, 931 F.2d at 151).  Additionally, Plaintiffs have not demonstrated that any new evidence would be "significant" to their facial challenge.  Id.

[53] Id.

[54] See Kramer v. Gates, 481 F.3d 788, 792 (D.C. Cir. 2007) ("Rule 60(b)(6) . . . may not 'be employed simply to rescue a litigant from strategic choices that later turn out to be improvident.'" (quoting Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980))).

c.    <u>Third Exception: Serious Injustice</u>

Plaintiffs have not properly raised the issue of the third exception to the law of the case doctrine.  Indeed, Plaintiffs' <u>Motion</u> notes only that a third exception to the law of the case doctrine exists and then states in a footnote:  "As the Supreme Court has recognized, '[u]nder the law of the case doctrine, as most commonly understood, it is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice.'"[55]  This footnote falls within the "Legal Standard" section of Plaintiffs' <u>Motion</u>, rather than under their "Argument" section.[56]  Plaintiffs' "Argument" section does not refer at all to this exception to the law of the case doctrine.[57]

Because Plaintiffs fail to raise this argument, it is waived.[58]  This court is unconvinced "that a blatant error in the prior decision[s]" exists, let alone any error that "if uncorrected, [would] result in a serious injustice."[59]

For all of the foregoing reasons, this court determines that the law of the case doctrine

---

[55] Mot. Permit Args. Facial Invalidity, 5 & n.1 [#95] (quoting <u>Arizona v. California</u>, 460 U.S. at 618).  The footnote continues: "Further, the Supreme Court clarified that the law of the case doctrine 'directs a court's discretion, it does not limit the tribunal's power.'" <u>Id.</u> at 5 n.1.

[56] <u>See</u> Mot. Permit Args. Facial Invalidity, 5 & n.1 [#95].

[57] <u>See</u> Mot. Permit Args. Facial Invalidity, 8–17 [#95].

[58] <u>See</u> <u>Nat'l Foreign Trade Council v. Natsios</u>, 181 F.3d 38, 60 n.17 (1st Cir. 1999) ("We have repeatedly held that arguments raised only in a footnote or in a perfunctory manner are waived." (citing <u>Grella v. Salem Five Cent Sav. Bank</u>, 42 F.3d 26, 36 (1st Cir. 1994); <u>Rumford Pharmacy, Inc. v. City of East Providence</u>, 970 F.2d 996, 1000 n.9 (1st Cir. 1992); <u>Barrett v. United States</u>, 965 F.2d 1184, 1194 n.19 (1st Cir. 1992))); <u>Gill v. United States</u>, 2009 U.S. Dist. LEXIS 88159, at 11 n.1 (D. Mass. 2009) (quoting <u>Natsios</u>, 181 F.3d at 61 n.17).

[59] <u>Vigneau</u>, 337 F.3d at 68 (quoting <u>Bell</u>, 988 F.2d at 251; citing <u>Rivera-Martinez</u>, 931 F.2d at 151).

applies and that no exception to that doctrine applies. For these reasons, Plaintiffs' <u>Motion to Permit Arguments as to Facial Invalidity</u> is DENIED.

B.   <u>Defendant's Motion for Judgment on the Pleadings on the As-Applied Claims in Counts Two Through Eight</u>

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant moves for judgment on the pleadings with regard to the as-applied claims in Counts Two through Eight.[60]

1.   <u>Count Two: Free Speech—Substantial Overbreadth</u>

Because this court has already decided Plaintiffs' facial claim, Plaintiffs' remaining claim in Count Two is an "as applied" claim for substantial overbreadth.

Although the First Circuit has not spoken directly on this point, then-Judge Sotomayor has explained that "[a]ll overbreadth challenges are facial challenges, because an overbreadth challenge by its nature assumes that the measure is constitutional as applied to the party before the court."[61] This court is mindful, however, of an apparent circuit split on this issue. Plaintiffs cite <u>Turchick v. United States</u>,[62] an Eighth Circuit case from 1977, to support their as-applied overbreadth challenge.[63] <u>Turchick</u> contains the following footnote:

> 'Facial' overbreadth analysis should be distinguished from overbreadth 'as-applied' to a particular claimant. The latter involves a judgment as to the constitutionality of a challenged statute based on the harm caused to the litigating party. The 'as-applied'

---

[60] Def.'s Mot. J. Pleadings As-Applied Claims Counts Two Through Eight [#99].

[61] <u>Farrell v. Burke</u>, 449 F.3d 470, 498 (2d Cir. 2006) (Sotomayor, J.).

[62] 561 F.2d 719 (8th Cir. 1977).

[63] Pls.' Opp'n Defs.' Mot. J. Pleadings As-Applied Claims Counts Two Through Eight & Pls.' Reply Supp. Mot. Amend, 11 [#109] [hereinafter Pls.' Opp'n] (citing <u>Turchick</u>, 561 F.2d at 721 n.3).

method vindicates a claimant whose conduct is within the First Amendment but invalidates the challenged statute only to the extent of the impermissible application. 'Facial' review proceeds without regard to the constitutional status of the litigant's conduct. Under this approach, a statute prohibiting substantial activity protected by the First Amendment is voided entirely.[64]

It appears to this court that while an overbreadth challenge may <u>contain</u> an as-applied challenge, it may not consist <u>solely</u> of an as-applied challenge. Although the Supreme Court has not addressed this exact question, the Court has explained that "the overbreadth doctrine enables litigants 'to challenge a statute, not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression.'"[65] An overbreadth challenge, therefore, always contains a facial component.

Demonstrative of this point, Plaintiffs' explanation of what remains of their overbreadth challenge appears to require a facial component of the challenge. Plaintiffs claim that the Act is overbroad as applied because it "'sweeps within its ambit a substantial amount of protected speech'"[66] and because it "burdens more speech than necessary to achieve any legitimate state interest."[67] Plaintiffs do not explain how these claims are as-applied claims rather than facial claims, other than asserting that "[t]hese claims are not limited to asserting the rights of third

---

[64] <u>Turchick</u>, 561 F.2d at 721 n.3 (citing Note, <u>The First Amendment Overbreadth Doctrine</u>, 83 Harv. L. Rev. 844, 844–45 (1970)).

[65] <u>Hill v. Colorado</u>, 530 U.S. 703, 731–32 (2000) (quoting <u>Broadrick v. Oklahoma</u>, 413 U.S. 601, 615 (1973)).

[66] Pls.' Opp'n, 12 [#109] (quoting Pls.' Mot. Leave File Am. Compl., Ex. A ¶ 119 [#94]).

[67] Pls.' Opp'n, 12 [#109] (citing Pls.' Mot. Leave File Am. Compl., Ex. A ¶ 120 [#94]).

parties."[68]  Simply asserting that a law is overbroad as applied to Plaintiffs is not sufficient to

persuade this court to depart from the Second Circuit's clear direction on the overbreadth

doctrine.

Because this court and the First Circuit have already held the Act facially constitutional,

therefore, Plaintiffs may not challenge the Act as overbroad as applied.

2.    Count Three: Free Speech—Prior Restraint

Count Three challenges the Act as a prior restraint.[69]  This court has already held that as a

matter of law, the Act is a time, place, or manner restriction and not a prior restraint.[70]

Plaintiffs are correct that "Plaintiffs will still be free to argue that the time, place, and

manner test is not satisfied in that ample alternative channels of communication do not exist,"[71]

that is, that the Act is an unconstitutional time, place, or manner restriction as it is applied.  But

the Act has already been adjudicated to be, on its face, a valid time, place, or manner restriction,

and thus cannot also be a prior restraint.  As this court has already pointed out, "'[t]he Supreme

Court has explicitly rejected attempts to analyze security-based time-place-manner restrictions as

prior restraints.'"[72]  Likewise, in affirming this court's decision, the First Circuit explained, "our

---

[68] Pls.' Opp'n, 12 [#109] (citing Pls.' Mot. Leave File Am. Compl., Ex. A ¶ 123 [#94]);
see also id. at 12–13 ("[T]hese as-applied claims were included in the original complaint." (citing
Compl. Civil Rights Violations, Declaratory J., & Injunctive Relief ¶¶ 88, 89, 91 [#1])).

[69] Compl. Civil Rights Violations, Declaratory J., & Injunctive Relief, 16 [#1].

[70] McCullen I, 573 F. Supp. 2d at 417; see McCullen II, 517 F.3d at 183–84.

[71] Pls.' Opp'n, 15 [#109].

[72] McCullen I, 573 F. Supp. 2d at 417 (quoting Bl(a)ck Tea Soc'y v. City of Bos., 378
F.3d 8, 12 (1st Cir. 2004)).

determination that the 2007 Act is a valid time-place-manner restriction effectively forecloses the plaintiffs' resort to case law involving prior restraints."[73]

For these reasons, Plaintiffs may not challenge the Act as a prior restraint as applied.

### 3. Count Four: "Free Exercise Hybrid"

In Count Four, Plaintiffs bring a "free exercise hybrid" challenge to the Act.[74]  With regard to Plaintiffs' freedom of speech claim, this court has already determined, both in McCullen I and in this Memorandum, "that the Act is a lawful, content-neutral time, place and manner restriction; is not overbroad; and does not constitute a prior restraint."[75]  For that reason, Plaintiffs cannot challenge the Act as an as-applied violation of their freedom of speech under Count Four.

Additionally, Plaintiffs may not now argue that the Act constitutes an as-applied violation of their rights under the Free Exercise Clause.  As this court explained when it rejected Plaintiffs' facial claim in Count Four, a law of "'neutral and . . . general applicability' . . . 'need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice.'"[76]

Plaintiffs thus cannot now argue Count Four as an as-applied claim.

### 4. Counts Five and Eight: Free Speech—Viewpoint Discrimination and Equal Protection

---

[73] McCullen II, 571 F.3d at 184 (citing Bl(a)ck Tea Soc'y, 378 F.3d at 12).

[74] Compl. Civil Rights Violations, Declaratory J., & Injunctive Relief, 17 [#1].

[75] McCullen I, 573 F. Supp. 2d at 418.

[76] Id. (quoting Knights of Columbus v. Town of Lexington, 272 F.3d 25, 35 (1st Cir. 2001)).

In Counts Five and Eight, Plaintiffs allege viewpoint discrimination and a violation of Equal Protection.[77]  Unlike some of Plaintiffs' other as-applied claims, it is theoretically possible for Plaintiffs to press Counts Five and Eight on an as-applied basis.  Plaintiffs have not alleged sufficient facts, however, that rise to the level of viewpoint discrimination or a violation of Equal Protection.

To press as-applied claims under Counts Five or Eight, Plaintiffs would have had to allege that "enforcement of the statute amounted to viewpoint discrimination" or a violation of Equal Protection.[78]  For example, they would have had to allege that police knowingly let clinic employees engage in pro-choice advocacy within a buffer zone.[79]  It is not enough, therefore, to allege "opposition from pro-choice advocates who surround, cluster, yell, make noise, mumble, and/or talk loudly to clinic clients for the purpose of disrupting or drowning out pro-life speech and thwart Plaintiffs' efforts to distribute literature"[80] without also alleging that the police "turned a blind eye toward pro-abortion speech while not turning a blind eye to possible transgressions by plaintiffs."[81]

---

[77] Compl. Civil Rights Violations, Declaratory J., & Injunctive Relief, 18, 21 [#1].

[78] McGuire II, 386 F.3d at 64.

[79] See id. at 65 ("[T]here is no evidence that the police have enforced this statute in anything other than an evenhanded way . . . .").

[80] Compl. Civil Rights Violations, Declaratory J., & Injunctive Relief ¶ 26 [#1].

[81] McGuire II, 386 F.3d at 65.  Plaintiffs' argument that McGuire II is inapplicable is unavailing.  See supra notes 28–32 and accompanying text.
Additionally, Plaintiffs argue that their allegations concerning Defendant's interpretation of the Act are sufficient to constitute as-applied claims under Counts Five and Eight.  See Pls.' Opp'n, 18 [#109].  As explained below, however, Plaintiffs are not permitted to amend their Complaint to include such an argument.  See infra Part C.

Plaintiffs also argue that there is a higher burden on the government at the as-applied stage than the facial stage to show that the law is constitutional.[82] This argument fails because this court holds here that Plaintiffs have not plead sufficient facts to support an as-applied claim. That is, the discovery that Plaintiffs wishes to conduct cannot cure insufficient pleadings.

### 5. Count Six: Due Process—Vagueness

Count Six challenges the Act for vagueness.[83] This court and the First Circuit have held that the Act is not vague on its face.[84]

The Supreme Court has recently explained that a "plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others."[85] Because Plaintiffs have conceded that the Act applies to them,[86] they cannot argue that the Act is vague as applied.[87]

### 6. Count Seven: Due Process—Liberty Interest

Count Seven challenges the Act as a violation of Plaintiffs' liberty interest, what Plaintiffs call the "freedom to loiter."[88] This court held that the Act does not violate any of Plaintiffs' Due

---

[82] See Pls.' Opp'n, 17–18 [#109].

[83] Compl. Civil Rights Violations, Declaratory J., & Injunctive Relief, 19 [#1].

[84] McCullen II, 571 F.3d at 183; McCullen I, 573 F. Supp. 2d at 422.

[85] Holder v. Humanitarian Law Project, 130 S. Ct. 2705, 2719 (2010) (quoting Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495 (1982)).

[86] See Compl. Civil Rights Violations, Declaratory J., & Injunctive Relief ¶¶ 42–48, 56–58 [#1].

[87] See Holder, 130 S. Ct. at 2719.

[88] Compl. Civil Rights Violations, Declaratory J., & Injunctive Relief, 20–21 [#1].

Process rights.[89]  As the law of the case, this ruling terminates Plaintiffs' entire claim under Count Seven.

### 7.  Count One: Free Speech—Time, Place, and Manner

Defendant does not seek judgment on Count One.[90]  Rather, with regard to Count One, Defendant seeks only a clarification that all that remains to be tried is the as-applied portion of the claim.[91]  This court agrees with Defendant that such a clarification is appropriate.  Given this court's ruling on Counts 2 through 8, this court agrees that "all that remains to be tried is whether the statute as applied at the clinics specified in the complaint leaves open adequate alternative channels of communication."[92]

For the foregoing reasons, Defendant's Motion is ALLOWED.

### C.  Plaintiffs' Motion for Leave to File Amended Complaint

Plaintiffs seek to amend their Complaint.  The amended complaint would do three things:

> First, the amended complaint [would] challenge the buffer zone not only in Brookline and Boston (as in the original complaint) but also in Worcester and Springfield, adding five additional plaintiffs who speak at the new locations.  Second, the amended complaint [would] add the relevant district attorneys for all four locations as defendants.  Third, the amended complaint [would] specifically plead[] that [Defendant's] "interpretation" of the Act—which has been communicated to and allegedly implemented by law enforcement—is itself unconstitutional and renders the [A]ct unconstitutional.[93]

Defendant partially opposes this Motion.  Defendant

---

[89] McCullen I, 573 F. Supp. 2d at 424–25.

[90] See Def.'s Mot. J. Pleadings As-Applied Claims Counts Two Through Eight, 1 [#99].

[91] See Def.'s Mot. J. Pleadings As-Applied Claims Counts Two Through Eight, 1 [#99].

[92] Def.'s Mot. J. Pleadings As-Applied Claims Counts Two Through Eight, 1 [#99].

[93] Pls.' Mot. Leave File Am. Compl., 2 [#94].

has no objection to the amendment of the complaint to broaden the geographic scope of Count I so that it will include claims that the Act as applied does not leave open adequate channels of communication at the clinics in Boston, Brookline, Springfield, and Worcester. Nor does she object to the addition of five plaintiffs who will make allegations with respect to the Springfield or Worcester clinics. Finally, she does not object to the addition of the four District Attorneys as defendants in their official capacit[ies] . . . .[94]

Because this court is not allowing Plaintiffs to re-argue the facial validity of the Act, Plaintiffs' Motion for Leave to File Amended Complaint is ALLOWED IN PART and DENIED IN PART. It is ALLOWED to the extent that it seeks to add additional abortion clinics, plaintiffs, and defendants for its as-applied claim in Count One. It is DENIED to the extent that it seeks to plead that Defendant's interpretation of the Act is "unconstitutional and renders the [A]ct unconstitutional."[95] It is also DENIED to the extent that Plaintiffs seek to bolster their pleadings in any count other than the as-applied portion of Count One.

Further, Plaintiffs are ordered to re-file an amended complaint that comports with these directions. Plaintiffs shall file such amended complaint within sixty days, by February 27, 2011.

IV.    Conclusion

For the foregoing reasons, Plaintiffs' Motion to Permit Arguments as to Facial Invalidity [#95] is DENIED. Defendant's Motion for Judgment on the Pleadings on the As-Applied Claims in Counts Two Through Eight [#99] is ALLOWED. Plaintiffs' Motion for Leave to File Amended Complaint [#94] is ALLOWED IN PART and DENIED IN PART. To the extent that Plaintiffs seek to plead that Defendant's interpretation of the Act is unconstitutional, the Motion is DENIED. To the extent that Plaintiffs seek to add additional abortion clinics, plaintiffs, and

---

[94] Partial Opp'n Pls.' Mot. File Am. Compl. & Mem. Supp. Defs.' Mot. J. Pleadings As-Applied Claims Counts Two Through Eight, 2 [#100].

[95] Pls.' Mot. Leave File Am. Compl., 2 [#94].

defendants for its as-applied claim in Count One, the <u>Motion</u> is ALLOWED.

AN ORDER HAS ISSUED.

<u>/s/ Joseph L. Tauro</u>  
United States District Judge